**Preston Paul HARRISON, Plaintiff-Appellant,**

**v.**

**Mildred THOMPSON, as Independent Executrix of the Estate of Ray Thompson, Deceased, d/b/a Ray Thompson Implement Company, Defendant-Appellee.**

**No. 71–1833**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1971.

J. Jerry Merchant, Amarillo, Tex., for plaintiff-appellant.

S. Thomas Morris, Amarillo, Tex., for defendant-appellee.

Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Preston Paul Harrison (appellant) commenced this diversity action on October 19, 1970, by the filing of a complaint which alleged that *on or about* October 18, 1968, he received personal injuries as a result of working around an allegedly defective John Deere combine

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**460**

which had been sold to Riley True by appellee's deceased husband, Ray Thompson, d/b/a Ray Thompson Implement Company. The jurisdictional statement in the complaint read:

"* * * diversity of citizenship exists in that plaintiff is a resident of the State of Oklahoma and the defendant is a resident of the State of Texas, where service of process may be had upon her at 600 Main Street, Silverton, Texas; that the matter in controversy exceeds the sum of Ten Thousand ($10,000.00) Dollars, exclusive of penalty and interest."

Appellee moved to dismiss the complaint on the ground that the two year statute of limitations, Article 5526, Vernon's Annotated Texas Civil Statutes, had expired prior to the filing of the complaint. In opposition to the motion to dismiss and by motion for new trial, appellant urged the statute may have been tolled by the absence of Ray Thompson from the State of Texas for a period of time subsequent to the date of the accident and prior to his death, by the delay in the appointment of a representative of Ray Thompson's estate, and by the absence of appellee from the State of Texas following her husband's death, and sought the right to develop one or more of these propositions by proof. He also pointed out the "on or about" language of the complaint.

The district court granted the motion to dismiss stating the following reasons:

1. The complaint alleged merely diversity of *residency* and not the diversity of citizenship;

2. The defense of the statute of limitations may be raised by a motion to dismiss if it is affirmatively shown from the complaint that the cause of action is barred by the applicable statute of limitations; and

3. The pleadings failed to raise any questions of fact as to the tolling of the statute of limitations.

 Rule 8(c), Federal Rules of Civil Procedure, characterizes the expiration of the statute of limitations as an affirmative defense. The burden of proof was therefore on appellee to plead such defense affirmatively and to establish it by proof. Appellant, in opposition to the motion to dismiss raised questions of fact which rendered it inappropriate to dispose of the case by dismissal. At the very least, appellant should have been afforded the opportunity to submit affidavits pursuant to Rule 56, F.R.Civ. P. and Rule 12(c), F.R.Civ.P., since factual matters outside the pleadings were brought forward by the defendant-appellee.

The jurisdictional allegation was susceptible of cure by simple amendment. Leave to amend in this particular should have been granted.

Preston Paul Harrison has simply not yet been accorded his day in court.

Reversed and remanded.